UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT PICETTI,<br><br>    Plaintiff,<br><br>v.<br><br>STRYKER CORPORATION, et al.,<br><br>    Defendants. | Case No. 23-cv-02645-JST<br><br>**ORDER GRANTING MOTION TO REMAND**<br><br>Re: ECF No. 23 |

Before the Court is Plaintiff Robert Picetti's motion to remand. ECF No. 23. The Court will grant the motion.

## I. BACKGROUND

Picetti filed this filed this wage and hour putative class action in state court on November 26, 2019, alleging that Defendants Stryker Corporation and Howmedica Osteonics Corporation "engaged in a pattern and practice of wage abuse against their commission-based employees." ECF No. 23-2 at 215. Picetti brings this action on behalf of "[a]ll current and former California-based . . . employees . . . of Defendants paid wholly or in-part on a commission basis within the State of California at any time during the period from four years preceding the filing of this Complaint to final judgment." *Id.* at 212. Picetti asserts eight causes of action against Defendants for (1) unpaid overtime, Cal. Lab. Code §§ 510, 1198; (2) unpaid meal period premiums, *id.* §§ 512(a), 226.7; (3) unpaid rest period premiums, *id.* § 226.7; (4) unpaid minimum wages, *id.* §§ 1194, 1197; (5) waiting time penalties, *id.* §§ 201, 202; (6) noncompliant wage statements, *id.* § 226(a); (7) unreimbursed business expenses, *id.* §§ 2800, 2802; and (8) violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code, §§ 17200, *et seq.* ECF No. 23-2 at 218–29.

Defendants removed the action on January 2, 2020, invoking subject matter jurisdiction

under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), or alternatively under diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). ECF No. 23-2 at 7–24. Picetti moved to remand the case on February 3, 2020, *id.* at 97–126, which the Court granted on June 8, 2020, *id.* at 128–39.

After the case was remanded, Picetti responded to written discovery propounded by Defendants on September 29, 2020, and Picetti was deposed on October 2, 2020. ECF No. 23-1 at 2–9. On October 23, 2020, Defendants again removed the case to federal court, ECF No. 23-2 at 141–61, and Picetti moved to remand the case on November 23, 2020, *id.* at 163–96. Judge Maxine M. Chesney granted Picetti's motion, holding that Defendants again failed to establish that the amount in controversy required pursuant to 28 U.S.C. § 1332(a) or CAFA. *Id.* at 198–203.

The case then proceeded in Alameda County Superior Court for over two years. The parties continued to conduct discovery, including by producing documents, and they filed nine discovery motions in the state court action. ECF No. 23-1 at 3. In September 2022, Defendants moved for summary judgment, or in the alternative, summary adjudication. ECF No. 1 ¶ 8. The hearing on the motion was set for June 1, 2023. *Id.*

On May 22, 2023, Picetti responded to Howmedica's fourth set of special interrogatories, in which he stated that he seeks to represent "a putative class that similarly was not properly paid minimum and overtime wages for all hours worked" and one that "similarly was not provided the opportunity" to take meal and rest periods. ECF No. 23-1 at 2, 11–54. In response to interrogatories that asked how Picetti's claims were dissimilar to those of the other class members, Picetti stated that he was "seeking to represent a putative class that similarly" not properly paid minimum and overtime wages or provided the opportunity to take meal and rest periods. *Id.* at 11–54. Additionally, Picetti did not deny that Defendants "uniformly imposed an unlawful policy of" failing to pay overtime, provide meal periods, and provide rest periods. ECF No. 25-1 at 144–48.

Alameda County Superior Court Judge Roesch issued a tentative ruling denying Defendants' motion for summary judgment on May 22, 2023. ECF No. 23-2 at 205–07. That same day, Defendants removed the case to federal court. ECF No. 1.

2

1 Picetti now moves to remand the case. ECF No. 23. Defendants filed an opposition, ECF No. 25, and Defendants replied, ECF No. 26. The Court held a hearing on this motion on September 14, 2023, and took the matter under submission. ECF No. 32.

## II. REQUEST FOR JUDICIAL NOTCE

Picetti requests that the Court take judicial notice of Defendants' two prior notices of removal, papers filed in support thereof, his two prior motions to remand, the two prior orders granting the motions to remand, and the Alameda County Superior Court's tentative ruling denying Defendants' motion for summary judgment. ECF No. 23-2 at 2–3. The Court may take judicial notice of the existence of these public court filings pursuant to Rule 201 of the Federal Rules of Evidence, but it may not take judicial notice of the truth of the facts recited in them. *United States v. Raygoza-Garcia*, 902 F.3d 994, 1001 (9th Cir. 2018); *Lee v. City of Los Angeles*, 250 F.3d 667, 690 (9th Cir. 2001). Accordingly, the Court takes judicial notice of the fact that these documents were filed or issued in this action, but it does not take judicial notice of the truth of any of the facts contained within them.

## III. LEGAL STANDARD

"[A]ny civil action brought in a [s]tate court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to [a] [federal] district court." 28 U.S.C. § 1441(a). CAFA "gives federal courts jurisdiction over certain class actions, defined in § 1332(d)(1), if the class has more than 100 members, the parties are minimally diverse, and the amount in controversy exceeds $5 million." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84–85 (2014). In a CAFA case, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 89. If, however, "a defendant's assertion of the amount in controversy is challenged," then "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015) (quoting *Dart Cherokee*, 574 U.S. at 88). The parties may rely on "evidence outside the complaint, including affidavits or declarations, or other 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'"

3

*Id.* at 1197 (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)).

No presumption against removal jurisdiction applies in CAFA cases. *Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1184 (9th Cir. 2015) ("Congress and the Supreme Court have instructed us to interpret CAFA's provisions under section 1332 broadly in favor of removal, and we extend that liberal construction to section 1446."); *see also Dart Cherokee*, 574 U.S. at 89 ("[N]o antiremoval presumption attends cases invoking CAFA."). Nonetheless, "under CAFA the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction." *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 685 (9th Cir. 2006) (per curiam) (noting that Congress passed CAFA in the context of a "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"); *see also Love v. Villacana*, 73 F.4th 751, 755 (9th Cir. 2023) ("Upon removal, a defendant assumes voluntarily the burden of establishing federal jurisdiction." (quotation and citation omitted)).

## IV.   DISCUSSION

Picetti argues that this case should be remanded because (1) Defendants' removal is an attempt to forum shop and avoid an adverse summary judgment ruling; (2) Defendants have failed to present new evidence as required for a successive removal; and (3) Defendants fail to prove that the amount in controversy exceeds $5 million. ECF No. 23 at 17–31. Because the question of whether Defendants' removal presents new evidence is dispositive, the Court decides the motion on that basis.

A successive notice of removal "is permitted only upon a 'relevant change of circumstances'—that is, 'when subsequent pleadings or events reveal a *new* and *different* ground for removal.'" *Reyes v. Dollar Tree Stores, Inc.*, 781 F.3d 1185, 1188 (9th Cir. 2015) (emphasis in original) (quoting *Kirkbride v. Cont'l Cas. Co.*, 933 F.2d 729, 732 (9th Cir. 1991)). "The rule barring successive removal is strict. Even when the first remand was due to a procedural error on the part of the defendant, the defendant must jump the hurdles for successive removal." *Waters v. Kohl's Dep't Stores, Inc.*, No. 2:18-CV-00328-ODW-AFM, 2018 WL 1664968, at *5 (C.D. Cal. Apr. 4, 2018). "[I]n the cases where courts allowed successive removal based on new facts, those new facts put the defendant in a different position compared to where it stood during the first

4

1    removal, in the sense that the new facts gave the defendant a newfound ability to allege federal

2    jurisdiction *that it did not have during its first removal.*" *Muniz v. UtiliQuest, LLC*, No. CV 19-

3    08759 PA (SKx), 2019 WL 6827270, at *4 (C.D. Cal. Dec. 5, 2019) (emphasis in original)

4    (quoting *Waters*, 2018 WL 1664968, at *4).

5          Defendants do not meet that standard here.  They fail to demonstrate that subsequent

6    pleadings or events have revealed a new or different ground for removal.  Defendants contend that

7    a new or different ground for removal exists because Plaintiff's May 22, 2023 discovery responses

8    contain "new" facts.  These allegedly new facts are:  (1) Plaintiff "is seeking to represent a

9    putative class that similarly was not properly paid minimum and overtime wages for all hours

10   worked as sales reps," was not "provided the opportunity to take uninterrupted 30-minute meal

11   breaks," and was "not authorized or permitted to take rest breaks as provided by California law

12   during their time working as sales reps"; (2) "Defendants' unlawful course of conduct against

13   Plaintiff and putative class members was sufficiently similar for Plaintiff to be able to represent

14   the putative class"; (3) "Defendants had an unlawful policy and practice not to pay overtime," "not

15   to provide meal breaks," and "not to provide rest breaks" to the putative class; and (4) Plaintiff

16   "seek[s] the full penalties provided by Labor Code section 203."  ECF No. 25-3 at 24, 26–27, 29,

17   31–32, 36–38, 72, 74–77, 94, 96–97, 99, 101–12, 106–09, 142.  None of these "facts" is new.  All

18   of them appear in Plaintiff's November 26, 2019 complaint.  ECF No. 23-2 at 212–29.

19         Similarly, Defendants contend that a new or different ground for removal exists because of

20   the following "new" facts from the declaration of Aliyya Rizley, a senior director of workplace

21   practices at Stryker:  (1) the putative class members were full time employees who worked

22   approximately 40 hours per week; and (2) between November 26, 2015 and January 2, 2020,

23   "Howmedica employed at least 250 individuals" who "worked approximately 32,802 workweeks"

24   and "earned an average amount of approximately $2,355 in commissions."  ECF No. 25-2 ¶¶ 7,

25   10–11.  But precisely these facts appear in the declarations of Andrew Quesnelle, which were

26   submitted in support of Defendants' first and second notices of removal in 2020.  ECF No. 23-2 at

27   92–95; ECF No. 1-10, *Picetti v. Stryker Corporation*, No. 20-cv-07454-JST (N.D. Cal. Oct. 23,

28   2020).

*Hollinghurst v. Lacoste USA*, No. CV 10-2984 CAS (Ex), 2010 WL 2630365 (C.D. Cal. June 28, 2010) is instructive. There, the court granted the plaintiff's motion to remand and rejected the "defendant's argument that it was only able to ascertain removability for the first time upon receipt of [the] plaintiff's discovery responses . . . because the new information did not reveal any additional facts that defendant needed to ensure that the amount in controversy would exceed CAFA's $5 million threshold." *Id.* at *5. And because "the case still involves the same claims brought on behalf of the same putative class on the same set of facts as when the case was originally filed, [the] plaintiff's discovery responses did not change the nature of the case such that a resetting of the removal clock would be warranted." *Id.* Similarly, here, the discovery responses revealed no new information, and therefore, did not change the nature of the case.[1]

Accordingly, Defendants have failed to establish that there is a relevant change in circumstance that would support their third notice of removal. Plaintiff's motion to remand is therefore granted.

Plaintiff indicates in his motion that he intends to move for attorney's fees for improper removal in a separate motion. ECF No. 23 at 17. 28 U.S.C. § 1447 provides, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The parties shall meet and confer for the purpose of reaching agreement on the question of fees and costs or, if they are not able to reach agreement on that issue, then a briefing schedule and hearing date on Plaintiff's motion for sanctions, and shall submit a stipulation to that effect by December 1, 2023. If the parties are unable to reach agreement, they shall submit competing schedules by the same deadline.

/ / /

---

[1] The caselaw relied upon by Defendants is distinguishable. First, in *Sweet v. United Parcel Service, Inc.*, the defendant relied upon new information regarding the plaintiff's citizenship that was not available at the time of the successive removal because the complaint alleged the plaintiff's "residence, not her citizenship." No. CV09-02653 DDP (RZx), 2009 WL 1664644, at *2 (C.D. Cal. June 15, 2009) (emphasis omitted). The successive removal was then based on deposition testimony that established the plaintiff's residence. *Id.* at *5. Here, Defendants' successive removal is based upon the same information it relied upon in its previous two removals. The fact that it appeared in a new form, i.e., as discovery responses, rather than as allegations in the complaint, does not make it new. Second, *Harris v. Bankers Life & Casualty Co.*, 425 F.3d 689 (9th Cir. 2005) did not involve a successive removal.

**CONCLUSION**

For the foregoing reasons, the Court grants Picetti's motion. After the Court resolves the question of Plaintiff's intended motion for sanctions, the action will be remanded to the Alameda County Superior Court.

**IT IS SO ORDERED.**

Dated: November 8, 2023



_____
JON S. TIGAR
United States District Judge